# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 11, 2009 Session

## RACHEL SUMNER, ET AL. V. METROPOLITAN BOARD OF PUBLIC HEALTH

**Appeal from the Chancery Court for Davidson County**
**No. 08-1217-II   Carol L. McCoy, Chancellor**

---

**No. M2008-02159-COA-R3-CV - Filed May 11, 2010**

---

Petitioners challenge a mosquito spraying plan adopted by a local board of health alleging that it violates an ordinance on the same subject.  Dismissal by the trial court is affirmed since there is no conflict between the plan and ordinance and petitioners fail to allege a legally cognizable ground to challenge the plan since dissatisfaction with the plan is not sufficient.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, P.J.,M.S., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Joseph Howell Johnston, Nashville, Tennessee, for the appellants, Rachel Sumner, et al.

Sue B. Cain, The Department of Law of the Metropolitan Government of Nashville and Davidson County; Lora Barkenbus Fox; Paul Jefferson Campbell, II, for the appellee, Metropolitan Board of Public Health.

## OPINION

On June 2, 2008, petitioners filed a Petition for Writ of Certiorari and Supersedeas challenging the April 2008 decision of the Metropolitan Board of Public Health ("Board") to adopt a Mosquito Control Program Plan ("Plan").  The petition alleged the Plan was arbitrary and capricious because it did not require the Board to notify people who are hypersensitive to mosquito spray and because it allowed spraying in proximity to people.

The petition also alleged that a Metro Ordinance governing mosquito spraying provided greater protection to the public than the Program adopted by the Health Board.

On July 18, the Board filed a motion to dismiss the petition and argued that the action could not proceed since, in effect, it was a challenge to the substantive provisions of a legislative action. In other words, the Board maintained that petitioners could not challenge legislative action on the ground of dissatisfaction.

In response, petitioners filed an Amended Petition for Writ of Certiorari and Supersedeas or Petition for Declaratory Judgment on July 29, 2008 ("Amended Petition") wherein petitioners added the allegation that the Plan is in conflict with the Metro Ordinance governing mosquito spraying.

On August 22, 2008, the trial court dismissed the petition finding as follows:

Upon review of the pleadings and arguments of counsel, the Court determines that both the original and the amended Petitions ask the Court to review the Board of Health's quasi-legislative act of adopting a mosquito spray policy. In addition, the Petitions ask the Court to make policy for the Metropolitan Government, which the Court has no jurisdiction to do.

The Petitioners then filed this appeal arguing that the trial court erred in dismissing the action.

Whether this action is cast as a petition for writ of certiorari or an action for declaratory judgment, the ultimate resolution is the same. The gravamen of petitioners' action is that the Plan violates a Metro Ordinance and that persons who are characterized as hypersensitive to mosquito spray are entitled to notice before spraying.

Section 10.104(3) of the Charter of the Metropolitan Government of Nashville and Davidson County grants authority to the Board of Health to adopt rules and regulations for the protection of the public health, but it also specifies that such rules and regulations may not contradict any Metro ordinance. This provision, of course, merely repeats a basic tenet of local government law.

Metro Code Section 10.32.180 governs use of airborne pesticides or mosquito spraying in Davidson County, and provides for public notice of spraying and various protections. The ordinance provides a procedure whereby residents may opt out of spraying so that they are granted a buffer zone of 150 feet. The ordinance also provides that personnel

shall turn off the spray in case of pedestrians and will not resume until people are 300 feet away. The ordinance also contains the following provision:

> The department of health shall be relieved from any of the foregoing requirements of this section if the director of health determines that a documented threat to public health exists.

The Board unanimously approved the Plan at issue on April 8, 2008, after a public hearing to receive comments. The Plan contains several provisions which are not at issue. The goal of the Plan is to reduce risk of mosquito-borne disease transmission to humans and states that it is consistent with the Center for Disease Control and Prevention guidelines for control of the West Nile virus. The Plan addresses general public education, mosquito breeding ground reduction, and ongoing surveillance. The Plan contains the following provision about the need to conduct spraying for mosquitoes:

> The revised policy of MPHD shall be to spray for adult mosquitoes ONLY when a documented threat to public health exists. Adulticide application will be considered at the level of CDC risk category 3 (moderate probability of human outbreak). In prior years, the threshold for spraying was in CDC risk category 2 (low probability of human outbreak). Based on prior documented risk, the department expects conditions described as thresholds for spraying to be rarely if ever met, and for spraying to be a rare event.

> Because MPHD will spray for adult mosquitoes ONLY when a documented public health threat exists, MPHD is exempt from the application of MCL § 10.32.180. However, MPHD's policy will be to comply with the public notification expectations of MCL § 10.32.180.

The policy then explains how the Department will attempt to comply with the notice "expectations" in the ordinance and also describes how it will attempt notifications in excess of those described in the ordinance by making public media announcements. While the Plan will not allow residents to opt out and trucks need not stop to warn pedestrians, lead trucks will be used with horns and flashing lights to warn pedestrians. Reasonable efforts are to be used to avoid spraying groups of people.

It is clear that it is not possible for the Plan to be in conflict with the ordinance since spraying under the Plan will occur only in the event of a documented public health risk, which is an express and unambiguous exception to all substantive provisions of the ordinance. There is no conflict between the Plan adopted by the Board and Metro Ordinance § 10.32.180.

Absent a legal basis to challenge the Plan other than dissatisfaction, the petitioners are without a cause of action, and the trial court acted appropriately in dismissing the petition and amended petition.

The trial court is affirmed. Costs of appeal are taxed to appellants for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, P.J., M.S.